Argued May 17, affirmed August 8, reconsideration denied September 12, petition for review denied September 26, 1978

VIC COBURN EVANGELISTIC ASSOCIATION,
*Petitioner,*
*v.*
EMPLOYMENT DIVISION, *Respondent.*
(No. 77-T-73, CA 9964)

BETTER LIFE, INC., *Petitioner,*
*v.*
EMPLOYMENT DIVISION, *Respondent.*
(No. 77-T-74, CA 9965)
(Consolidated cases)
582 P2d 51

Elizabeth L. Perris, Portland, argued the cause for petitioner. On the brief was McMenamin, Joseph, Herrell & Paulson.

W. Benny Won, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee and Richardson, Judges.

LEE, J.

**LEE, J.**

Petitioner, Vic Coburn Evangelistic Association (VCEA)[1] seeks reversal of the hearing referee's determination that VCEA is not a church within the meaning of OAR 471-31-090 and therefore, is subject to unemployment insurance payroll tax.

Petitioner contends that there is not substantial evidence to support the hearing referee's determination that VCEA is not a church within the meaning of ORS 657.072(1)(a)(A) which provides in part:

"(1) 'Employment' does not include service performed:

"(a) In the employ of:

(A) A church or convention or association of churches * * *."

Petitioner has the burden of proving that the services rendered come within this statutory exemption. ORS 657.683(4). In addition, the Unemployment Compensation Law is remedial legislation which is to be liberally construed to the end that employees receive the benefits intended and thereby effectuate the purpose of the act. If follows that exemption from unemployment tax should be strictly construed. *Holmes v. Morgan,* 10 Or App 242, 247, 498 P2d 830, *rev den* (1972).

Pursuant to ORS 657.610(1),[2] the Employment Division promulgated OAR 471-31-090(1)(a) which provides as follows:

"(1) As used in ORS 657.072 and this section, unless the context clearly indicates otherwise:

"(a) The word 'church' means a *particular religious*

---

[1] In 1976, VCEA became inactive. Better Life, Inc. was organized in order to carry on the ministry formerly carried on by VCEA. Because the evidence shows that both organizations have the same religious philosophy and have utilized the same activities, this opinion will not refer to them separately.

[2] ORS 657.610(1) provides:

"(1) The assistant director shall determine all questions of general policy and promulgate rules and regulations and be responsible for the administration of this chapter."

*group* organized as a *congregation* and conducting regular public worship services." (Emphasis supplied.)

Prior to determining whether VCEA was a "church" within the meaning of ORS 657.072, the hearings referee made the following pertinent findings of fact, which are supported by substantial evidence in the record:

"(1) Plaintiff was and is a nonprofit corporation described in Section 501(c)(3) of the U.S. Internal Revenue Code and under Section 501(a) of such code is exempt from income tax. (2) The plaintiff's purpose and activity were, during times germane hereto, the conduct of an active, interstate, evangelical, nondenominational, Christian ministry. (3) The ministry included the following primary activities: (a) Public worship services and two or three day crusades and rallies are conducted in various cities throughout the country * * *. (4) Such public worship services were held once each month in Los Angeles; in other cities they might be held regularly but less frequently, such as annually; similar services, crusades, and rallies were held in other areas on an irregular basis. (5) Plaintiff's activities were supported by contributions from regular supporters and from the general public and receipts from the sale of books and tapes. (6) Plaintiff maintained a mailing list of more than 25,000 persons who asked to be on that list to receive literature, announcements, etc. (7) * * * [A] number of supporters * * * joined in a program called 'The Master's Plan' and committed themselves to specific monthly contributions. (8) Those associated with the ministry were not required or expected to accept any stated creed, code, tenet, or dogma; they were encouraged to actively participate in their own separate (traditional) churches. (9) The affairs of the corporation were conducted by three directors who acted as officers of the corporation; the *primus inter pares* of the board was Vic Coburn, an ordained minister of whom the corporation was the alter ego * * *. (10) Many of the individuals supporting or associated with the plaintiff's activities, relied on its ministry as a substantial or primary source of their religious teaching and spiritual strength and comfort. (11) Plaintiff paid individuals for services rendered, as correctly reflected in the tax assessments." (Footnote deleted.)

It is apparent from these facts that petitioner is not a "church" within the meaning of OAR 471-31-090(1)(a). While petitioner conducted public worship services regularly, there was no "particular religious group" involved. Petitioner makes its services available to different groups of people in various cities throughout the nation but lacks the unitary character of a congregation. Further, VCEA was not "organized as a congregation"—that is, there was no group of believers who had voluntarily bound themselves together in an organized association for the purpose of shared and regular worship. Thus, the referee correctly concluded that a ministry, such as petitioner's, is not a "church" within the meaning of OAR 471-31-090(1)(a).

Affirmed.